In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00298-CR**
_____

**INGA JURI CHAPMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause No. 11-271634**

**MEMORANDUM OPINION**

Arguing that the trial court denied her request to have an attorney appointed to represent her at the County's expense, Inga Juri Chapman appeals from her conviction for resisting arrest, a Class A misdemeanor. *See* Tex. Penal Code Ann. § 38.03 (West 2011). On appeal, Chapman argues that because the trial court appointed an attorney to represent her for trial, the court abused its discretion by refusing to appoint an attorney to represent her in her appeal. Because the trial court did not abuse its discretion in refusing Chapman's request seeking court-

1

appointed counsel in her appeal, we affirm the judgment. *See* Tex. R. App. P. 43.2(a).

The record from the trial court shows that the court conducted a post-trial hearing on Chapman's request seeking court-appointed appellate counsel. We have the benefit of the transcript from the hearing in which the court considered Chapman's request: it shows the trial court conducted an evidentiary hearing and then determined that Chapman was not indigent.

Two witnesses testified during the hearing, Vincent Chapman, Chapman's husband, and Julissa Silva, an employee of the Montgomery County Office of Indigent Defense. Vincent testified that he works at a local community college and makes approximately $7,000 annually. Vincent explained that his family receives approximately $1,000 per month in public assistance benefits. Vincent explained that he and Chapman own their home, but he indicated the home had a lien against it for back taxes of approximately $10,000.

Julissa Silva testified that in determining whether a person is indigent, she follows the Local Montgomery County Rules, as the County adopted these guidelines for evaluating requests for court-appointed counsel. The local rules contain standards that she follows in determining whether an individual is indigent. According to Silva, Chapman submitted an application to her office, and the application disclosed Chapman's liabilities and her assets. Based on these

standards, the net value of Chapman's home put Chapman above the poverty standards as set out in the County's local rules.[1] Silva testified that the Montgomery County Office of Indigent Defense did not approve Chapman's request because her net worth disqualified Chapman from being able to establish that she was indigent.

In her sole issue, Chapman argues that the trial court denied her constitutional rights to receive due process because the trial court refused to provide her with a court-appointed attorney to represent her on appeal. According to Chapman, the trial court could not deny her request for court-appointed counsel when it had previously appointed counsel to represent her in her trial. Chapman contends that her financial condition never changed after the court appointed trial counsel for her trial, and in the absence of any change, she is entitled to court-appointed counsel.

We review an appeal complaining about a trial court's determination of indigency using an abuse-of-discretion standard. *See Newman v. State,* 937 S.W.2d 1, 3 (Tex. Crim. App. 1996). Generally, indigency determinations are made on a

---

[1] In the application Chapman submitted to the Montgomery County Office of Indigent Defense, Chapman represented that the net equity that she and her husband had in their home was $129,000. During the hearing, Chapman indicated that the appraisal district had reassessed the value of the home, valuing the home at $112,080. However, Silva explained that using the more recent figures from the appraisal office, Chapman still does not qualify as indigent.

case-by-case basis when the issue is raised. *See Whitehead v. State,* 130 S.W.3d 866, 874 (Tex. Crim. App. 2004). A court may consider the net equity that a defendant has in her homestead in deciding whether an individual is indigent. *See Newman v. State*, 937 S.W.2d at 4.

In determining whether individuals are indigent, trial court's engage in a two-step process. First, the court determines whether the defendant seeking the appointment of counsel has made a prima facie showing that she is indigent. *Whitehead*, 130 S.W.3d at 874. Second, where the defendant has presented a prima facie case to show she is indigent, the burden shifts to the State to show that the defendant is not indigent. *Id*. The same process is employed to determine whether an individual is entitled to have court-appointed counsel for an appeal. *See id.*

The Code of Criminal Procedure identifies several factors that may be considered in determining indigency, among these are the defendant's income, source of income, assets, property, outstanding obligations, necessary expenses, the defendant's age, and the income of the defendant's spouse, if that income is available to the defendant to pay expenses. *See* Tex. Code Crim. Proc. Ann. art. 26.04(m) (West Supp. 2015).[2] If the record contains evidence supporting the trial court's determination that an individual is not indigent, an appeals court will not overturn that determination in an appeal. *See Whitehead*, 130 S.W.3d at 874.

---

[2] We cite to the current version of the Texas Code of Criminal Procedure as any amendments to the provisions at issue do not affect the outcome of this appeal.

4

The record reflects that Chapman applied for a court-appointed attorney for her appeal, but her application indicates that Chapman and her husband have a net equity interest in their home of more than $100,000. While Chapman's application indicated that she had no income, and the evidence at trial indicated that Chapman and her husband were receiving public assistance, the evidence on Chapman's liabilities did not reduce her net worth to a level that made her indigent. Instead, the evidence in the hearing established that Chapman's net worth exceeds the guidelines for indigence that were established in Montgomery County. *See* Montgomery Cty. (Tex.) Cty. Courts at Law Loc. R. IV (Indigent Defense Plan); Tex. Code Crim. Proc. Ann. art. 26.04(*l*) (West Supp. 2015) (requiring county officials to adopt procedures and financial standards for determining a defendant indigent).

Under the Code of Criminal Procedure, the trial court was clearly authorized to consider Chapman's net worth in determining whether she was indigent. Tex. Code Crim. Proc. Ann. art. 26.04(m). Based on the evidence admitted in the post-trial indigency hearing, the trial court reasonably determined that Chapman, at the time she sought the appointment of counsel for her appeal, was not indigent.

Chapman relies primarily on the fact that the trial court appointed an attorney to represent her in the trial to suggest that the trial court was required to appoint an attorney to represent her on appeal. While Chapman did have an

appointed attorney for her trial, the record does not show that the attorney was appointed because Chapman was indigent. Moreover, the record does not show that the trial court ever found that Chapman was indigent at any stage of the proceeding. And, the record shows that the trial court ordered Chapman to reimburse Montgomery County for the fees charged by the attorney that the court appointed for her trial. Because nothing in the record shows that Chapman ever established that she was indigent, Chapman does not benefit from the presumption in article 26.04(p) of the Code of Criminal Procedure that she remained indigent throughout the proceedings. *See* Tex. Code Crim. Proc. Ann. art 26.04(p) (West Supp. 2015).

Because the record shows that when the trial court conducted the post-trial indigency hearing, Chapman's net worth was sufficient to demonstrate that she was not indigent, the trial court did not abuse its discretion by denying Chapman's request seeking an appointed attorney for her appeal. We overrule Chapman's arguments asserting her rights were violated. The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on December 31, 2015
Opinion Delivered September 7, 2016
Do Not Publish
Before Kreger, Horton, and Johnson, JJ.

6